UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| MARVIN WILLIE HAWKINS, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL NO. 2:12-CV-309 |
| § | |
| LOUISIANA CORRECTIONAL § | |
| SERVICE, *et al*, § | |
| § | |
| Defendants. § | |

**ORDER GRANTING PLAINTIFF'S**

**RULE 59(e) MOTION FOR RELIEF FROM JUDGMENT**

Pending is plaintiff's Rule 59(e) motion for relief from judgment. (D.E. 46). For the reasons stated herein, plaintiff's motion is **GRANTED**.

**I.   Procedural background and plaintiff's claims.**

Plaintiff is currently a federal prisoner confined at the Federal Correctional Institution in Beaumont, Texas. However, his complaint concerns events that occurred in August 2010, while he was confined at the Brooks County Detention Center ("BCDC") in Falfurrias, Texas.

Plaintiff filed his original complaint on September 24, 2012, and named the following individuals and entities as defendants: (1) Louisiana Correctional Services

("LCS")[1]; (2) Warden Javier; (3) Assistant Warden Jack; (4) Officer Danny Devilla; (5) Major Villareal; and (6) Captain Dazila. (D.E. 1). Plaintiff alleged that in August 2010, he complained that prison officials had failed to protect another inmate detained at the BCDC. In turn, plaintiff was labeled a "snitch" by both inmates and officers, and on August 8, 2010, he was assaulted by a group of other offenders. He suffered injuries that required medical attention, and he was thereafter housed in solitary confinement until his release in October, 2010.

A Spears[2] hearing was held on October 22, 2012, following which plaintiff's failure to protect claims against Officer Devilla and Captain Dazila in their individual capacities were retained, as well as his retaliation claim against Officer Devilla. (D.E. 15). His remaining claims against the remaining defendants, including LCS, were dismissed. (D.E. 15).

On March 26, 2013, defendants filed a motion for summary judgment to dismiss plaintiff's claims against them as time barred. (D.E. 32). On April 26, 2013, plaintiff

---

[1] LCS was originally called Louisiana Corrections Services, Inc., but its name was changed in 1993 to LCS. LCS is a privately held company that provides correctional detention operations and management to federal, state and county governments. LCS operates the BCDC, and the BCDC contracts with the Bureau of Prisons and Kleberg County to house both federal and state prisoners. See http://www.lcscorrections.com.

[2] Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985); see also Eason v. Holt, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a Spears hearing is incorporated into the pleadings).

filed his summary judgment response, and a cross motion for summary judgment. (D.E. 41, 42).

On May 1, 2013, summary judgment was granted in favor of defendants and plaintiff's cross-motion was denied. (D.E. 43).

On May 13, 2012, plaintiff filed the instant Rule 59(e) motion to alter or amend judgment. (D.E. 46). Plaintiff seeks reconsideration on the grounds that he was entitled to equitable tolling of limitations. (D.E. 46).

II.   Discussion.

   A.   Rule 59(e).

Effective December 1, 2009, any motion asking the Court to revisit its judgment filed within twenty-eight (28) days after the entry of judgment is considered made pursuant to Rule 59(e). Days v. Johnson, 322 F.3d 863, 865 n.3 (5th Cir. 2003) (per curiam); Bass v. Department of Agriculture, 211 F.3d 959, 962 (5th Cir. 2000); Fletcher v. Apfel, 210 F.3d 510, 511 (5th Cir. 2000). Here, final judgment was entered on May 1, 2013. (D.E. 44). Plaintiff's objections, construed as a motion to alter or amend judgment, was filed on May 13, 2013, well within the twenty-eight days authorized by Rule 59(e). Therefore, plaintiff's motion is properly considered under Rule 59(e).

A motion to alter or amend judgment must clearly establish either a manifest error of law or fact or must present newly discovered evidence. Ross v. Marshall, 426 F.3d 745, 763 (5th Cir. 2005) (internal quotations omitted). A Rule 59(e) motion serves the

narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence. Templet v. HydroChem Inc., 367 F.3d 473, 478-79 (5th Cir. 2004). A Rule 59(e) motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment. Id. Importantly, a Rule 59(e) motion is not proper to re-litigate matters that have been resolved to the movant's dissatisfaction and a party cannot attempt to obtain "a second bite at the apple" on issues that were previously addressed by the parties and the Court. North Cypress Medical Center Operating Co. v. Blue Cross Blue Shield, 2010 WL 2245075 at * 1 (S.D. Tex. Jun. 2, 2010) (unpublished) (citation omitted). Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly. Templet, 367 F.3d at 479.

**B.    Analysis.**

Plaintiff's Rule 59(e) motion establishes manifest error in the granting of defendants' summary judgment motion.

As previously noted, via the § 1915A screening process, it was determined that plaintiff had adequately stated claims of failure to protect against Officer Devilla and Captain Dazila. (See D.E. 15). Plaintiff testified that, in early August 2010, he witnessed an inmate get assaulted by gang members. During the assault, BCDC correctional officers failed to intervene. Plaintiff reported the event to officials, and thereafter, he was labeled a snitch by other inmates as well as BCDC staff. On August 8, 2010, plaintiff himself was assaulted by inmates whom plaintiff believed to members of the Pisteros

gang. His injuries were serious enough to warrant medical attention, and he was placed in protective housing. However, after filing grievances about both assaults, Officer Devilla moved him to an 8-man tank with members of the Pisteros gang in retaliation for his filing grievances. Taken as true, these allegations adequately raised Eighth Amendment claims of failure to protect against Captain Dazila and Officer Devilla, as well as a retaliation claim against Officer Devilla, and service was ordered on these defendants in their individual capacities. (See D.E. 15, 16).

On March 26, 2013, LCS moved for summary judgment arguing that plaintiff's claims were barred by limititions. (D.E. 32). LCS argued that plaitiff's claims arose on the day he was assaulted, August 8, 2010, but that he did not file his original complaint until September 24, 2012. LCS argued that, applying Texas' two year limitations period for personal injury actions, plaintiff was required to file his lawsuit on or before August 8, 2012, such that his September 24, 2012 filing was almost two months past the limitations deadline, and therefore barred as untimely. Id.

LCS's summary judgment motion is flawed in numerous aspects. First, LCS is not a defendant in this proceeding. Indeed, at screening, it was determined that plaintiff did not have cognizable claims against LCS, and LCS was never served. LCS has no authority to appear and move for summary judgment on behalf of Officer Devilla or Captain Davila.

More importantly, defendants have failed to offer any evidence regarding plaintiff's attempt to exhaust his administrative remedies before filing suit. It is well-

established that a prisoner bring a civil rights complaint must first exhaust his administrative remedies before filing a lawsuit in federal court. See 42 U.S.C. § 1997(e); Porter v. Nussle, 534 U.S. 516, 524 (2002) (federal prisoners suing under Bivens must first exhaust inmate grievance procedures just as state prisoners must exhaust administrative processes prior to instituting a § 1983 suit). It is equally well-established that limitations is tolled while an inmate exhausts his administrative remedies. Clifford v. Gibbs, 298 F.3d 328, 333 (5th Cir. 2002) (noting that, because a prisoner must exhaust his administrative remedies before filing a civil complaint, the prisoner is entitled to equitable tolling of the limitations period while he exhausts the administrative process).

In their motion for summary judgment, defendants failed to offer any evidence concerning exhaustion. Indeed, they simply allege that plaintiff was assaulted on August 8, 2010, and admit that he required medical attention. They offer no evidence concerning the grievances he submitted, let alone the dates on which prison officials responded. In contrast, in his Rule 59(e) motion, plaintiff claims that he filed numerous grievances that were destroyed by BCDC prison officials and to which he never received a response. Defendants have not filed an affidavit from a BCDC employee to refute this allegation. Moreover, even if plaintiff did not receive responses to his grievances, limitations would be tolled while he waited the requisite amount of time before moving to the next step. See 28 C.F.R. § 542.18 (if a federal inmate does not receive a response to a grievance within the allotted time for a reply, the inmate may consider the absence of a response to be a denial at that level, and then proceed to the next step). Given the time allotments

provided in the Bureau of Prisons ("BOP") grievance system, exhaustion takes approximately two months at a minimum.³ Under the TDCJ-CID grievance system, exhaustion generally takes 90 days.⁴

Plaintiff contends that he attempted to exhaust his administrative remedies, and such efforts would entitle him to tolling of limitations. Factual issues exist as to whether plaintiff's claims are timely or barred, and it was error to grant summary judgment in favor of defendants on the limited evidence presented.

---

³The BOP provides a three-tiered administrative process by which inmates can present a complaint. 28 C.F.R. § 542.10 et. seq. First, the inmate must present the complaint informally on a Form BP-8 to a staff member at the facility where he is housed. 28 C.F.R. § 542.13(a). If this informal procedure does not resolve the issue, the inmate commences the three-tiered administrative remedy procedure by filing a formal written complaint on a Form BP–9 with the warden at the local level. 28 C.F.R. § 542.13(b). The warden has twenty calender days in which to respond to the complaint. 28 C.F.R. § 542.14. If unsatisfied with the warden's response, the inmate may submit an appeal on Form BP-10 within twenty days of the response to the regional director. 28 C.F.R. § 542.15. The regional director has 30 days in which to respond to the appeal. If unsatisfied at the regional level, then the inmate has 30 days from the date of the regional director's response to submit an appeal on Form BP-11 to the general counsel. 28 C.F.R. § 542.15. The appeal to the general counsel is the final administrative appeal provided by the BOP.

⁴The grievance procedure takes approximately ninety days to exhaust. Wendell v. Asher, 162 F.3d 887, 892 (5th Cir. 1998) (reversed on other grounds), citing TDCJ Admin. Directive No. AD-03.82 (rev. 1), Policy ¶ VI (Jan. 31, 1997)). Prisoners are allowed fifteen calender days to file a Step 1 grievance. Id. The response to the Step 1 grievance is due within forty days after receipt of the grievance. Id. The prisoner then has ten days to submit an appeal. Id. The response to the Step 2 grievance is due within forty days after receipt of the prisoner's appeal. Id. The TDCJ Inmate Grievance System provides that, if an inmate does not receive a written decision within 180 days after the grievance is filed, he may proceed with his other state or federal court remedies. Tex. Gov't Code § 501.008(d)(2).

### III.     Conclusion.

Accordingly, plaintiff's Rule 59(e) motion for relief from judgment (D.E, 46) is hereby GRANTED**.**  The Order granting defendants' motion for summary judgment (D.E. 43) and final judgment (D.E. 44) are VACATED.  Defendants are ordered to file, **within forty-five (45) days of the date of entry of this Order,** an amended motion for summary judgment, on behalf of the two served defendants in this lawsuit, Officer Devilla and Captain Dazila, addressing plaintiff's claims of failure to protect and retaliation.  Should defendants seek to pursue a statute of limitations defense, they must offer summary judgment evidence concerning BCDC procedures for exhaustion as well as evidence relevant to plaintiff's attempts to exhaust, or lack thereof.  To the extent that defendants elect to abandon their limitations argument, summary judgment evidence concerning the August 8, 2010 assault, plaintiff's life in danger claims, gang intelligence or BCDC investigations following the assault, plaintiff's medical records, and affidavits from the individual defendants would be appropriate.  Thereafter, plaintiff shall have **twenty (20) days from the date of defendants' amended summary judgment filing** to file a response in opposition.

SIGNED this 28th day of May, 2013.

_____
Jason B. Libby
United States Magistrate Judge